UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PARIS GILLESPIE,<br><br>   Defendant. | Criminal No.  08-223<br>EGS/DAR |

MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION

### I. INTRODUCTION

Defendant is charged by a four-count indictment with unlawful possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(iii); unlawful possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C); and two counts of simple possession of a controlled substance in violation of 21 U.S.C. § 844(a).  The undersigned United States Magistrate Judge conducted a detention hearing which began on July 25, 2008 and concluded on July 28, 2008.[1]

Upon consideration of the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follow.

### II. THE BAIL REFORM ACT

---

[1] At the time of his initial appearance on July 23, 2008, Defendant was charged by criminal complaint.  The indictment was returned prior to the scheduled consolidated preliminary hearing and detention hearing.

United States v. Gillespie                                                                                                          2

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).

United States v. Gillespie                                                                                                   3

      A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed.  18 U.S.C. § 3142(e).  An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142.  United States v. Suppa, 799 F. 2d 115, 117 (3d Cir. 1986); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III.  DISCUSSION

      The government proceeded by proffering the allegations in substantial conformity with the Statement of Facts attached to the Criminal Complaint (Document No. 1). More specifically, counsel for the government proffered that on July 22, 2008, MPD officers executed a search warrant at 2623 Bowen Road, S.E., Apartment 30, Washington, D.C. From the premises, the officers recovered the following items: (1) 61 grams of a white rock-like substance which field tested positive for cocaine; (2) 130 grams of a white powdery substance which field tested positive for cocaine; (3) two digital scales; (4) unused ziplock plastic bags; (5) a handgun magazine and one round of live ammunition; and (6) $5,790 of United States currency.  From the Defendant's person, MPD recovered: (1) 9.6 grams of a substance which field tested positive for marijuana; (2) approximately 10 ecstacy pills; and (3) $495 of United States currency.  Counsel for the government further proffered that at the time the MPD entered the target location, there were two adult women in the apartment, about whom the Defendant yelled, "Don't arrest them.

United States v. Gillespie                                                                                                          4

They do not have nothing to do with this. It is all mine and I will show you all of it, its mine. Please, officers, don't arrest them."

Counsel for the government, in further support of the government's request for pretrial detention, proffered that the Defendant, at the time of the instant offense, was on pretrial release in two separate drug cases: (1) a District of Columbia Superior Court case in which he was charged with possession with the intent to distribute a substance which tested positive for cocaine; and (2) a misdemeanor charge of possession of marijuana and drug paraphernalia in Charles County, Maryland. Counsel for the government further proffered the contents of the report prepared by the Pretrial Services Agency, which indicates that on six occasions, the Defendant has tested positive for illegal drugs.

Through his counsel, Defendant requested the court to release him to Pretrial Services' High Intensity Supervision Program with drug treatment as a condition, or alternatively, to a residential substance abuse facility. In support of this request, counsel for Defendant proffered that Defendant: (1) has one prior conviction – for which he received a suspended sentence – for embezzlement under $200; (2) has not been convicted in either of the two pending cases – one of which is a case in Charles County, MD for misdemeanor possession of marijuana; (3) has been participating in the New Directions Substance Abuse Program, but has an clear need for further drug abuse treatment; (4) has a stable residence with his mother, who resides at an address different from the one at which the warrant was executed; and (5) is employed full-time.

Following a continuance, a representative of Pretrial Services advised that residential drug treatment through Pretrial Services is not an option because Defendant's addiction severity index indicates that out-patient treatment is sufficient.

United States v. Gillespie                                                                                                              5

## IV. FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no available condition of release or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offense charged indicate that the Defendant was engaged in the distribution of significant quantities of controlled substances.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release.  Of particular significance is that at the time of the instant indictment, Defendant was on conditions of release in two different jurisdictions for possession of a controlled substances.

Finally, the undersigned is satisfied that the toll which distribution of cocaine base has taken and continues to take upon this community is well-documented and need not be repeated here.  The undersigned finds that the evidence of Defendant's involvement in the distribution of controlled substances demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned has carefully considered Defendant's proffer, and finds that while it is sufficient to rebut the presumption of fugitivity, it is insufficient to rebut the presumption of dangerousness.  <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without

United States v. Gillespie                                                                                                                6

bond pursuant to the July 28, 2008 Order of Detention.

                                                                         /s/
                                          DEBORAH A. ROBINSON
                                          United States Magistrate Judge

   August 4, 2008
DATE

   July 28, 2008
NUNC PRO TUNC